IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HELEN E. VANHORN, | ) | CIVIL NO. 12-00215 LEK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| US GOVERNMENT CONTRACTED HANA | ) | |
| GROUP, INC., DBA HANA | ) | |
| SECURITY SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AND PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL UNDER THE CIVIL RIGHTS ACT OF 1964**

On April 23, 2012, pro se Plaintiff Helen E. Vanhorn ("Plaintiff") filed her Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") and her Request for Appointment of Counsel Under the Civil Rights Act of 1964 ("Request"). The Court finds these matters suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Application and the Request, and the relevant legal authority, Plaintiff's Application and Plaintiff's Request are HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

Plaintiff's Employment Discrimination Complaint

("Complaint"), also filed on April 23, 2012, states that she was employed as a security officer by Defendant Hana Group, Inc., going business as Hana Security Services ("Defendant"). Plaintiff alleges that Defendant discriminated against her by terminating her employment and by subjecting her to various acts of discrimination, including an incident where someone pointed her unloaded weapon at her face.  Plaintiff alleges that Defendant discriminated against her based on her race or color, religion, gender, national origin, and disabilities.  Plaintiff states that the date the alleged discrimination occurred was on or about December 11, 2010.  [Complaint at ¶¶ 4-7.]

According to the Complaint, Plaintiff filed administrative charges regarding Defendant's alleged discriminatory conduct on or about December 19, 2010.  [Id. at ¶ 9.]  Attached to the Complaint is the Dismissal and Notice of Rights ("Notice") from the United States Equal Employment Opportunity Commission ("EEOC"), dated March 7, 2012.  It states that the EEOC closed its file on Plaintiff's charge because it adopted the findings of the state fair employment practices agency that investigated the charge.  It also states that, to the extent Plaintiff's claims are based on Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination Act, she must file any civil action based on the charge within ninety days of receiving the

2

Notice.  [Id., Exh. A.]

## DISCUSSION

**I.  Application to Proceed Without Paying Fees or Costs**

This district court has recognized that:

> A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees.  28 U.S.C. § 1915(a)(1).  "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (internal quotations omitted).  However, a court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action is frivolous, that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); see Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987); Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998).  A complaint is frivolous if "it has no arguable substance of law or fact."  Tripati, 821 F.2d at 1370 (citations omitted)[.] . . . .

Silveria v. JP Morgan Chase Bank, Civil No. 12-00096 ACK-KSC, 2012 WL 828428, at *1 (D. Hawai`i Feb. 17, 2012).[1]

Plaintiff's Application states that she is not employed, but that she receives $1,647.00 per month in disability or worker's compensation payments.  [Application at 1.]  This

---

[1] This citation refers to the magistrate judge's Findings and Recommendation to Deny Application to Proceed in Forma Pauperis and Dismiss Complaint with Leave to Amend, which the district judge adopted on March 8, 2012.  2012 WL 830305.

results in an annual income of $19,764.00.  Plaintiff does not have anyone who is dependent on her for support.  [Id. at 2.] Plaintiff's income exceeds the poverty threshold for a single individual in Hawai`i, which is currently $12,860.00.  See Annual Update of the HHS Poverty Guidelines, 77 Fed. Reg. 4034-02 (Jan. 26, 2012).  Further, Plaintiff reports that she has $17,000.00 in either cash or a checking or savings account, and she has approximately $12,000 in debts.  Her identified monthly expenses are approximately $1,200.00 per month.  This Court therefore FINDS that Plaintiff does not qualify as a person who is unable to pay or give security for court fees.  Plaintiff's Application is HEREBY DENIED.

**II.   Request for the Appointment of Counsel**

Plaintiff requests the appointment of counsel pursuant to 42 U.S.C. § 2000e-5(f)(1), which states, in pertinent part: "Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant . . . ."  There is, however, no constitutional right to the appointment of counsel in employment discrimination cases.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 269 (9th Cir. 1982).  In reviewing Plaintiff's Request, this Court must consider her financial resources, her efforts to secure counsel, and the merits of her claims.  See Bradshaw v. Zoological Soc'y of San Diego, 662 F.2d 1301, 1318 (9th Cir.

1981).

      The first factor, Plaintiff's financial resources, weighs in favor of the appointment of counsel. Although this Court has denied Plaintiff's Application, the Court is satisfied that Plaintiff does not have sufficient income and assets to retain private counsel.

      The second factor requires this Court to consider whether Plaintiff made "a reasonably diligent effort under the circumstances to obtain counsel." See id. at 1319. Plaintiff contacted three attorneys, [Request at 4,] and the Court finds that this does not constitute a "reasonably diligent effort". See, e.g., McCue v. Food Pantry, Ltd., Civ. No. 08-00129 ACK-KSC, 2008 WL 852018, at *2 (D. Hawai`i Mar. 28, 2008) (finding that contacting only three attorneys was not "reasonably diligent"). Plaintiff's efforts to retain counsel therefore weigh against the of the appointment of counsel.

      The third factor requires the Court to consider whether Plaintiff's case has "some merit." See Bradshaw, 662 F.2d at 1319. This factor weighs against the appointment of counsel because the Complaint contains no factual allegations supporting Plaintiff's claims that Defendant's actions were discriminatory based on her race, color, gender, or national origin.[2] Further,

---

[2] The Court does note that the Complaint alleges that Defendant did not honor a request for accommodations because of
                                      (continued...)

as noted above, the appointment of counsel in employment discrimination cases is discretionary, and there is no constitutional right to counsel.  This district court does not maintain a panel of attorneys who are willing to take cases such as Plaintiff's.  In addition, the Court notes that Plaintiff's Complaint does not raise complex legal or factual issues, and Plaintiff appears reasonably capable of representing herself pro se.  The Court therefore declines to appoint counsel pursuant to 42 U.S.C. § 2000e-5(f)(1).  The Court suggests that Plaintiff seek the assistance of the Hawaii State Bar Association's Lawyer Referral & Information Service.  The referral service can be reached at 537-9140 or at www.hawaiilawyerreferral.com.

      The Court advises Plaintiff that she must represent herself pro se unless and until she is able to retain counsel and counsel enters an appearance in this case.  Pro se litigants are responsible for complying with all of the applicable court rules and deadlines.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants." (citations omitted)).

## CONCLUSION

      On the basis of the foregoing, Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs and

---

[2](...continued)
Plaintiff's disability.

her Request for Appointment of Counsel Under the Civil Rights Act of 1964, both filed April 23, 2012, are HEREBY DENIED.

Plaintiff must pay the filing fee by no later than **June 15, 2012**. If Plaintiff fails to do so, this action may be automatically dismissed.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 3, 2012.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**HELEN E. VANHORN V. US GOVERNMENT CONTRACTED HANA GROUP, INC.; CIVIL NO. 12-00215 LEK-KSC; ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AND PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL UNDER THE CIVIL RIGHTS ACT OF 1964**