IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HELEN E. VANHORN, | ) | CIVIL NO. 12-00215 LEK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| US GOVERNMENT CONTRACTED HANA | ) | |
| GROUP, INC., DBA HANA | ) | |
| SECURITY SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Before the Court is Defendant The Hana Group, Inc. doing business as Hana Security Systems' ("Defendant") Motion for Judgment on the Pleadings ("Motion"), filed on November 1, 2012. Plaintiff Helen VanHorn ("Plaintiff") filed her memorandum in opposition on January 14, 2013. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Defendant's Motion is HEREBY GRANTED IN PART as to Plaintiff's claims for discrimination based on national origin, sex, and religion, and DENIED IN PART for the reasons set forth below.

**BACKGROUND**

Plaintiff was employed by Defendant as a Security Officer from January 2008 until October 2011.  On April 23, 2012, Plaintiff, proceeding pro se, filed a Complaint on the district court's Employment Discrimination Complaint form.[1]  She alleges that Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and checked the boxes for "Termination of my employment," and "Other acts as specified."  In the narrative field, she alleges that: on November 17, 2010, her doctor's note was taken from her file; on November 11, 2010, she was "shorted for hours" and yelled at by her supervisor, while a different supervisor would not accept a note from her physical therapist seeking an accommodation; and that, on December 11, 2010, a supervisor pointed her unloaded weapon at her face for three seconds.  [Complaint at ¶ 4.]

In the next field of the form Complaint, "Defendant's conduct is discriminatory with respect to the following", Plaintiff checked off all of the boxes listed, including race or color, religion, sex, national origin, and other (disability).  [Id. at ¶ 5.]  In the narrative field, Plaintiff alleges as

---

[1] Plaintiff filed the "HID EEO 1 Employment Discrimination Complaint form which [she] found on the Civil Forms Section of the United States District Court, District of Hawaii's website." [Mem. in Opp., Decl. of Helen VanHorn ("VanHorn Decl.") at ¶ 4.] In the time since she filed the Complaint pro se, Plaintiff has retained counsel.  [Dkt. no. 34 (1/14/13 Notice of Appearance).]

follows:

> I was being medical[ly] treated by doctors for painful 12/03/09 injury for firing a 12 gauge shot gun 18 rounds in 5 minutes at targets to pass testing for requalification for my job at Hana Securities as a Security Officer.  My notification of injury in writing [was] turned in 11/10/2010 and doctors note on 11/17/2010 to Captain McNeal. 12/11/2010: B. Liu point[ed] a gun at my face[, I] complained in writing and verbally to Captain McNeal and Captain Price (DOD) on 12/11/2010, 12/14/2010 and 12/15/2010.  I was not working on 12/12/2010 and 12/13/2010.  Complaint to civil rights on 12/19/2010.  Prior Harassment: complained to Hana in writing on May 4, 2010 and June 5, 2010 and to civil rights in June of 2010, intake ap[p]ointment was w/ Mary Wunch 11/15/2010: involving Aceabedo, D. Lai, B. Liu, M. Quan.

[Id. at ¶ 6.]

Plaintiff dual-filed a Charge of Discrimination with the Hawaiʻi Civil Rights Commission ("HCRC") and the Equal Employment Opportunity Commission ("EEOC") on June 8, 2010 ("Charge").  [Mem. in Supp. of Motion, Exh. B (6/8/11 Charge).] In the Charge, she checked the boxes for discrimination based on race and disability, and alleges that she was subjected to harassment on the basis of her race and denied a reasonable accommodation because of her disability, in violation of Haw. Rev. Stat. Chapter 378.  She alleges that, from November 1, 2010 until December 17, 2010: her supervisor verbally and physically harassed her, creating a hostile work environment; she requested to be assigned to a standing post due to physical disability, but that her supervisor refused to grant her a reasonable

accommodation.  [Id.]

Defendant filed its Answer on July 12, 2012.  The instant Motion followed.

**I.   Defendants' Motion**

Defendant asks the Court to dismiss Plaintiff's Complaint with prejudice.  Defendant argues that Plaintiff's claims of discrimination on the basis of religion, sex, and national origin, or relating to her termination, were not included in her Charge, and should be dismissed for failure to exhaust.  [Mem. in Supp. at 2-4.]  It also argues that the allegations of race and disability discrimination fail to state claims and should be dismissed.  [Id. at 5-7.]

**II.  Plaintiff's Memorandum in Opposition**

Plaintiff's opposition argues that the Motion should be denied, but concedes that her claims of discrimination based on religion, sex, and national origin should be dismissed.  [Mem. in Opp. at 11-12.]  Plaintiff asserts that her race and disability discrimination claims should not be dismissed for failure to state a claim, and that her termination should be considered as part of her claim.  [Id. at 5-10.]

In her Declaration, Plaintiff explains that she worked as a Security Officer at the Pearl Harbor Naval Base, where she was one of "only a few Caucasian white female security officers, in a company of over one hundred security officers, which was

comprised of mostly local, Pacific-Islander, and Asian males." [VanHorn Decl. at ¶ 8.]  She asserts that she was injured in December 2009 while shooting a shotgun to pass an employment requalification test, and that the injury worsened over time.  In November 2010, she gave her supervisor, Captain Donald McNeal, notes from her physician and made repeated oral requests for reasonable accommodation, which were ignored.  [Id. at ¶¶ 9-13.]  From December 2010 until October 25, 2010, she was placed on short-term disability, and was terminated because she was not able to complete a requalification course due to her injury.  [Id. at ¶ 19.]  Plaintiff states that she did not file another charge of discrimination with the EEOC and HCRC because she "believed the termination was related and connected to my earlier charge of discrimination . . . filed in June of 2011."  [Id. at ¶ 20.]

### STANDARD

Federal Rule of Civil Procedure 12(c) permits parties to move for judgment on the pleadings.  "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  The standard governing a Rule 12(c) motion for judgment on the pleadings is "functionally identical" to that governing a Rule 12(b)(6) motion.  United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).  For a Rule 12(c)

motion, the allegations of the nonmoving party are accepted as true, while the allegations of the moving party that have been denied are assumed to be false. See Hal Roach Studios v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989). A court evaluating a Rule 12(c) motion must construe factual allegations in a complaint in the light most favorable to the nonmoving party. Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). "Judgment on the pleadings under Rule 12(c) is proper when the moving party establishes on the face of the pleadings that there is no material issue of fact and that the moving party is entitled to judgment as a matter of law." Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist., 644 F.3d 934, 937 n.1 (9th Cir. 2011).

## DISCUSSION

### I. Exhaustion

The Court first addresses Plaintiff's claims that were not properly exhausted. Title VII requires a claimant to exhaust her administrative remedies prior to filing a civil action against the employer that allegedly discriminated against her. 42 U.S.C. § 2000e–5. "Title VII . . . require[s] that an aggrieved party file a charge with the EEOC within 300 days of the allegedly unlawful practice to preserve a claim for a subsequent civil suit." Kagawa v. First Hawaiian Bank/Bancwest Corp., 819 F. Supp. 2d 1125, 1130 (D. Hawai'i 2011) (some

citations omitted) (citing 42 U.S.C. § 2000e-5(e)(1)); see also Sosa v. Hiraoka, 920 F.2d 1451, 1456 (9th Cir. 1990) ("Title VII claimants generally establish federal court jurisdiction by first exhausting their EEOC administrative remedies."). An EEOC remedy has been exhausted for a given claim where "that claim fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." EEOC v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir. 1994) (internal quotations and citation omitted).

The exhaustion analysis turns on what is asserted in the EEOC charge, which must be construed "with utmost liberality since [it is] made by those unschooled in the technicalities of formal pleading." B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1100 (9th Cir. 2002). With that said, however, "[i]ncidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." Lyons v. England, 307 F.3d 1092, 1104 (9th Cir. 2002) (quoting Green v. Los Angeles Cnty. Superintendent of Schs., 883 F.2d 1472, 1475-76 (9th Cir. 1989).

In Plaintiff's Charge, she checked the boxes for causes of discrimination based on race and disability; she did not check the boxes for color, sex, religion, or national origin.

Plaintiff concedes that her claims for discrimination based on religion, sex, and national original should be dismissed for failure to exhaust.  The Motion is GRANTED as to these claims.

Plaintiff argues, however, that her termination on October 25, 2011 should be included as part of her discrimination claim because it is reasonably related to her underlying race and disability claims, even though it occurred after she filed her Charge on June 8, 2011.  The Court notes that Plaintiff received a Right to Sue Letter from the EEOC dated March 7, 2012, over four months after her termination.  [Mem. in Supp. of Motion, Exh. A (Complaint and 3/7/12 Letter).]

In determining whether a new claim is like or reasonably related to the allegations in the EEOC charge, the Court considers:

> such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred.  In addition, the court should consider plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case.

B.K.B., 276 F.3d at 1100 (citation omitted).

In Couveau v. American Airlines, Inc., 218 F.3d 1078 (9th Cir. 2000), the plaintiff brought a discrimination suit against her former employer alleging the airline failed to reinstate her from medical leave and then wrongfully terminated

her employment. The plaintiff filed a charge with the appropriate state administrative agency before filing the lawsuit but did not include a claim for wrongful termination in the charge because she had not yet been terminated at the time of filing. In a motion for summary judgment, the airline argued that the plaintiff failed to exhaust administrative remedies on the wrongful termination claim since it was not included in the administrative charge. The Ninth Circuit held that the plaintiff had exhausted her administrative remedies as to the wrongful termination claim because it was "like or reasonably related" to the claim for failure to reinstate, a claim which the plaintiff had specified in the administrative charge. Id. at 1082. The Couveau court reasoned that the "like or reasonably related" standard "may include acts of discrimination that occur after the charge is filed." Id. "'To force an employee to return to the state agency every time he claims a new instance of discrimination in order to have the EEOC and the courts consider the subsequent incidents along with the original ones would erect a needless procedural barrier.'" Id. (quoting Oubichon v. North Am. Rockwell Corp., 482 F.2d 569, 571 (9th Cir. 1973)).

     Here, Plaintiff stated in her Charge that she was discriminated against on the basis of her race and disability, and denied a reasonable accommodation, but did not include a claim based on her termination. As in Couveau, the facts

9

constituting the basis for her termination claim did not arise until after she filed the Charge since she was not actually terminated until a few months later.  All of her claims appear to relate to her alleged work-related injuries and harassment from supervisors.  That is, the alleged basis of the discrimination, location of discrimination, and theory of the case appear to be consistent.  See B.K.B., 276 F.3d at 1100.  The Court concludes, at this stage of the pleadings, that Plaintiff's allegations relating to her termination could reasonably fall within the scope of an HCRC or EEOC investigation based on the original Charge.[2]

Courts "are required to construe . . . EEOC charges 'with utmost liberality since they are made by those unschooled in the technicalities of formal pleading.'"  Lyons, 307 F.3d at 1104.  Courts must also "keep in mind that complainants filing discrimination charges are acting as laypersons and should not be

---

[2] The Court notes that the parties have not presented any evidence of the actual scope of the HCRC or EEOC's investigation into Plaintiff's Charge. Brown v. State of Haw., Civ. No. 08-00470 JMS/LEK, 2009 WL 2744013, at *7 n.13 (D. Hawai'i Aug. 28, 2009) ("Because neither party presented evidence regarding the scope of the HCRC and/or EEOC's actual investigation, the court analyzes whether the new allegations in Brown's Amended Complaint would fall within the scope of an HCRC/EEOC investigation which could reasonably be expected to grow from the formal charge."); Comeaux v. State of Haw., Civ. No. 06-00341 SOM/BMK, 2007 WL 2300711, at *3 (D. Hawai'i Aug. 8, 2007) ("Because the State has neither discussed the EEOC's investigation nor addressed the foregoing factors, the State does not establish that it is entitled to summary judgment on this ground.").

held to the higher standard of legal pleading by which we would review a civil complaint." B.K.B., 276 F.3d at 1103.  With this liberal construction in mind, the Court concludes that, at this stage of the pleadings, the Complaint for race and disability discrimination includes Plaintiff's termination.  The Motion is DENIED as to Plaintiff's allegations relating to her termination.

## II. Racial Discrimination Claims

Defendant seeks judgment on the pleadings on Plaintiff's discrimination claims, and argues that Plaintiff fails to set forth allegations to support a prima facia case.  Although Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2001), held that "a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a prima facie case of discrimination," a Complaint must state a claim that is plausible on its face.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569-70 (2007).  This requires at least some detail of the events leading to the alleged injury, relevant dates, and at least some of the relevant persons involved with the alleged injury.  Id. Plaintiff's race discrimination claims are sufficient to give Defendant notice of the bases of her claims and are plausible on their face.  The Motion is DENIED as to Plaintiff's claims for race discrimination.

## III. Disability Discrimination Claims

Defendant also seeks dismissal of Plaintiff's

disability discrimination claims, arguing that the Complaint fails to set forth allegations to support a prima facie case under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.  Title I of the ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a). To maintain a claim of discrimination under Title I of the ADA, a plaintiff must allege that he or she is: (1) disabled under the ADA, (2) a "qualified individual with a disability," and (3) discriminated against "because of" the disability.  Nunez v. Wal-Mart Stores, Inc., 164 F.3d 1243, 1246 (9th Cir. 1999).  In Plaintiff's Charge, which is attached to the Complaint, she alleges that she is disabled, and she was subjected to harassment and denied a reasonable accommodation because of her disability, in violation of Haw. Rev. Stat. Chapter 378.³  She alleges that  she requested to be assigned to

---

³ Haw. Rev. Stat. Chapter 378 prohibits discrimination based on disability and is textually similar to the ADA.

> While it is true that federal case law regarding the ADA is not binding in cases involving § 378-2 claims, the cases cited above establish that Hawai'i courts take significant guidance from federal ADA cases.  Further, this district court routinely considers ADA claims and § 378-2 claims together because of the similarities between the
> (continued...)

a standing post due to physical disability, but that her supervisor refused to grant her a reasonable accommodation. [Id.]  Plaintiff's ADA and Haw. Rev. Stat. Chapter 378 disability discrimination claims are sufficient to give Defendant notice of the bases of her claims and are plausible on their face.  The Motion is DENIED as to Plaintiff's claims for disability discrimination.

## CONCLUSION

On the basis of the foregoing, Defendants' Motion for Judgment on the Pleadings, filed November 1, 2012, is HEREBY GRANTED IN PART and DENIED IN PART.  The Motion is GRANTED as to Plaintiff's claims for discrimination based on national origin, sex, and religion.  The Motion is DENIED in all other respects.

IT IS SO ORDERED.

---

[3](...continued)
statutory schemes and the Hawai'i courts' use of ADA case law for guidance.  See, e.g., Thorn v. BAE Sys. Hawaii Shipyards, Inc., 586 F. Supp. 2d 1213, 1219 n.5 (D. Hawai'i 2008) ("The court therefore outlines a single framework for Plaintiff's claims pursuant to the ADA and HRS § 378-2."); Beaulieu v. Northrop Grumman Corp., 161 F. Supp. 2d 1135, 1142 n.1 (D. Hawai'i 2000) ("The Court will consider the claims under the ADA and HRS § 378-2 together, as the Hawaii Supreme Court looks to Federal Law to interpret state employment discrimination law." (citations omitted)).

Lovell v. United Airlines, Inc., Civil No. 09-00146 ACK-LEK, 2010 WL 1783565, at *8 (D. Hawai'i Apr. 29, 2010).

DATED AT HONOLULU, HAWAII, February 7, 2013.



        /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**HELEN E. VANHORN V. US GOVERNMENT CONTRACTED HANA GROUP; CIVIL NO. 12-00215 LEK-KSC; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**